By the Court.
The original action was commenced in the common pleas to set aside a judgment that had been *235 rendered in favor of the Bank against the plaintiff, La Dow, which included as averred, usurious interest, and for permission to file his answer under the provisions of section 7591, Revised Statutes, setting up such usury. The judgment had been rendered February 11, 1888, for the sum of $3,374.36, on a note with a power of attorney attached, dated November 7, 1887, for the sum of $3,445.83, on which interest at the rate of eight per cent had been discounted in advance, and stipulated for from its maturity. It was also the last note of a series, commencing July 26, 1885, on which interest at the same rate had been taken in advance, and stipulated for from maturity. The judgment had been taken on the warrant of attorney without any actual notice to the defendant. The Bank demurred to the petition, - the demurrer was sustained and the petition dismissed, which on error was affirmed by the circuit court.
The question presented is, whether under section 3181, Revised Statutes, a national bank may stipulate for and reserve interest at the rate of eight per cent ? It is claimed on the decision of this court in Shunk v. National Bank, 22 Ohio St., 508, that it cannot. It will be observed, however, that the decision in that case was placed on the ground that, by the statutes of the state then in force, banks of issue were in this state limited to the reservation of six per cent and no more; and hence, under the provisions of the act of congress, known as the national currency act, a national bank located in this state could not reserve a greater rate. But subsequently to this decision these statutes were repealed by an act of the legislature passed April 28, 1873 (70 O. L., 178). So that by the laws of this state banks of issue may *236 now reserve' and charge interest at the rate allowed to natural persons, that is to say eight per cent; and it therefore follows, that a national bank located in this state may, by the national currency act, section 30, reserve and charge interest at the same rate. The argument that the ease of Shunk v. National Bank fixed the rate of interest which a national bank, located in this state, may take, has never been overruled and is therefore the law, is unsound for the reason that the decision is not placed upon any general principle of the common law, but upon the existence of certain statutes. By the repeal of these statutes the decision' became inapplicable, under existing law, to national banks located in this state.

Judgment affirmed.